IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES of AMERICA                                                PLAINTIFF/RESPONDENT

V.                           NO.  5:08-CR-50017-JLH

JORDAN E. MINETTE                                                        DEFENDANT/PETITIONER

### REPORT AND RECOMMENDATION

Before the court is a Motion to Suppress (Doc. 16) filed by the Defendant on May 20, 2008.  The Motion was referred to the court for a Report and Recommendation by Order dated May 28, 2008.  The Government filed a Response (Doc. 18) on June 2, 2008.

**Background:**

An evidentiary hearing on the Motion to Suppress was held on Monday, June 16, 2008. At the hearing on the Motion to Suppress the only witness to testify was Detective Michael Parks a police officer with the Fayetteville Police Department.  Kirby Dean Misner, who discovered the evidence that led to the search warrant, was available to testify but was not called.

Det. Parks of the Fayetteville Police Department testified that, on February 28, 2008, he received a telephone call from a maintenance man (Kirby Misner) who reported he had taken a CD/DVD disk (hereinafter "disk") from a Fayetteville apartment where he had been dispatched to repair an air conditioner. The maintenance man initially wanted to remain anonymous but subsequently identified himself as Kirby Misner.  Mr. Misner stated that the apartment, number 20, had a great deal of adult pornography.  There were also sexual devices located next to the bed

and a video camera. There were a great many adult videos and unmarked DVD disks. Mr. Misner said he had taken an unmarked disk home on February 27, 2008, and inserted the disk into his DVD player to view the contents. Mr. Misner stated that he saw numerous images of adult males engaged in sexual activity with children. Mr. Misner stated that one image in particular depicted an approximately eight-year-old female engaged in oral sexual activity with an adult male who appeared to have ejaculated into the child's mouth. Mr. Misner said that he panicked when he saw the images of children in sexual acts with adults and he broke the disk in half because he was afraid to be caught with such material. Detective Parks asked Mr. Misner to come to his office to be interviewed.

When Kirby Misner came to the police department he did provide a written statement (Exhibit 2) and the stolen disk that had been broken into two pieces. Mr. Misner also acknowledged that he had a "criminal history" but Detective Parks could not remember the specific history. Mr. Parks testified that someone in his office had run an Arkansas Justice Exchange report (See Exhibit 3) but that he was not sure that he even saw it or considered it. Parks also testified that while Mr. Misner acknowledged his criminal history he did not run a full NCIC report until June 2, 2008. (See Exhibit 11)

Parks testified that he subsequently did obtain a copy of the maintenance order dated February 14, 2008 for the air conditioning unit at apartment number 20, 1764 Leverett, in Fayetteville. (Exhibit 7) He also received a copy of the completed work order dated February 27, 2008 and signed by Kirby (Misner). (Exhibit 6)

Parks testified that he was unable to view the disk and that he did ask for technical assistance in being able to view the disk (Exhibit 8-9) but that no one had any suggestions on how

to view a DVD that had been broken into pieces. (Exhibit 10) Parks testified that he was not aware of any process that could be used to view the disk.

Parks prepared an Affidavit and Application for Search Warrant (Exhibit 1) and presented it to Circuit Judge Stacy Zimmerman, who signed the search warrant on February 28, 2008 at 2:30 P.M.  Parks admits that the affidavit does not contain any information about Mr. Misner's criminal history. His testimony was that he did not think that the criminal history of the witness was relevant.

When the search warrant was served a great deal of child pornography was seized and when the Defendant was arrested he did make incriminating statement that he had obtained the images some time before in Florida and transported them to Arkansas.

The Defendant seeks to suppress the evidence seized as a result of the warrant and contends that if Detective Parks should not have considered Misner a reliable witness and that the officer should have disclosed to the issuing judge that the witness had a "criminal history".  The Defendant also seeks to suppress the subsequent admissions made to officer Parks concerning the items seized as a result of the search warrant but acknowledges that this is contingent on the suppression of the evidence seized at the time of the search.

**Discussion:**

For a search warrant to be valid, it must be based upon a judicial finding that there is probable cause, that is, a "fair probability" to believe that the listed items may be found at the place to be searched. *Illinois v. Gates*, 462 U.S. 213, 232, 246, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Such a determination is to be based upon the "the totality of the circumstances." Id. at 238, 103 S.Ct. 2317. In other words, the task of the issuing magistrate is to make "a practical,

common-sense decision whether given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. *U.S. v. Coleman* 349 F.3d 1077, 1083 (C.A.8 (Mo.),2003)

There can be no argument that the affidavit is not facially sufficient for Judge Zimmerman to issue the search warrant. The witness believed that the children he saw on the DVD were minors. He describes them to the officer as six to twelve year olds. He also describes the sexually explicit scenes with particular detail. (See Exhibit 1, page 6). He was so convinced of the age of the children involved that he was compelled to notify law enforcement authorities even though he has to divulge that he had **stolen** the disk from the defendant's apartment. He acknowledged in his written statement that he "panicked at the thought of being found with this material in my possession and broke the D.V.D. in half".

Minette argues that Mr. Misner should not have been considered reliable and if Detective Parks had disclosed the information of Misner's "criminal history" to Judge Zimmerman in the Affidavit she would not have issued the Search Warrant.

When information supplied by an informant forms the basis for probable cause in a warrant, the "core question in assessing probable cause ... is whether the information is reliable." *United States v. Williams*, 10 F.3d 590, 593 (8th Cir.1993). Informants without a track record of providing reliable information may be deemed reliable if their information is independently corroborated by other evidence. *United States v. Robertson*, 39 F.3d 891, 893 (8th Cir.1994); Williams, 10 F.3d at 593. *U.S. v. Nieman* (C.A.8 (Iowa),2008)

In this case the witness is not a confidential source, he came forward voluntarily which in

and of itself has to be considered an indication of reliability. The police verified his employment and that he was in the defendants apartment to fix the air conditioning unit (Exhibit 8) and he was there on the day he stated he was there. (Exhibit 9) An informant is considered to be reliable and credible if the supplied information is at least partially corroborated by other sources. *United States v. Murphy*, 69 F.3d 237, 240(8th Cir.1995).  Even the corroboration of minor, innocent details can suffice to establish probable cause.  *United States v. Ramos*, 818 F. 2d 1392, 1397 n. 7 (8th Cir. 1996).

An important consideration in establishing the credibility and reliability of an informant is whether law enforcement had the opportunity to meet personally with the informant to assess his credibility and whether the informant's information is based on first-hand knowledge rather than rumor or innuendo. Nieman, 520 F.3d 834, 2008 WL 860781 at *4; see also Wells, 223 F.3d at 839 (court noted that police must engage in suitable corroboration of the informant's information if the informant's reputation cannot be assessed because the informant is anonymous); *United States v. Robertson*, 39 F.3d 891, 893 (8th Cir.1994) (court noted that "there is an inherent indicia of reliability in the richness and detail of first hand observation" by an informant and that the ability of police to question the informant face-to-face gives greater weight to the police's decision to rely on the informant's first-hand observations). *U.S. v. Buchanan*  2008 WL 2330944, 11 (D.S.D.) (D.S.D.,2008)

Detective Parks testified that he spoke with Misner on the phone and he directed Misner to come to the police station for a further interview.  Misner did come to the police department and was interviewed by Detective Parks face to face.  Mr. Misner was visibly worried about divulging to the police that he had stolen the disk from the Defendant's apartment. Such statements against

penal interest "typically 'carry considerable weight.' " Id. (quoting *United States v. LaMorie*, 100 F.3d 547, 553 (8th Cir.1996)).  He was worried about losing his job and the possible criminal consequences. He had wanted to remain anonymous but, reluctantly, had complied with the police request to come in and meet face to face with Detective Parks and give a further statement.

The key question in determining whether a search warrant is supported by a finding of probable cause is whether, viewing all of the information collected by law enforcement as a whole, a "reasonable person could suspect that a search would uncover evidence of crimes committed by [the defendant]."  *United States v. Tyler*, 238 F.3d 1036,1038(8th Cir.2001).  It is clear that Judge Zimmerman, in looking at the totality of the circumstances, had probable cause to issue the search warrant and that Mr. Misner's information was reliable.

The Defendant also contends that Detective Parks withheld important information from Judge Zimmerman by not disclosing to her that Mr. Minette had acknowledged that he did have a "criminal history".

A facially sufficient affidavit, however, may be challenged on the ground that it includes deliberate or reckless falsehood. *Franks v. Delaware*, 438 U.S. 154, 171, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).  To prevail on a Franks claim based on omissions of fact, Minette must prove first that facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading, and, second, that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause. *United States v. Reinholz*, 245 F.3d 765, 774 (8th Cir.2001).

The court is not sure what Detective Parks understood Misner's criminal history to be.  He does not recall looking at the Arkansas Justice Exchange (Exhibit 3) report, and even if he had,

everyone acknowledges that the report is not correct. He had not run the NCIC report (Exhibit 11) and that specific information was not available to him until June 2, 2008. Parks does acknowledge that he could have run the report before he requested the information but did not. Parks remembers that Mr. Misner had told him that he had been "in trouble" with the law and had related some specific problems that Mr. Misner had.

Detective Parks had an opportunity to evaluate Mr. Misner's credibility by a face to face meeting that took place at the police department. Mr. Misner was forthright with him in regards to his "criminal history" and Detective Parks testified that he did not think that the "criminal history" was relevant. A mistaken assumption or negligence will not support a Franks challenge to the validity of a search warrant. (See *Franks v. Delaware*, 438 U.S. 154 @ 171)

In the case of United States v. Allen the officer failed to include the witnesses criminal history in the affidavit. That court stated that the "affiant testified at the suppression hearing that he knew Craycraft had a criminal history, although he did not know its exact nature. Thus, the record does not clearly show that the omissions were either intentionally or recklessly misleading. Even assuming they were, however, Allen cannot satisfy the second step of the Franks test, because, as the district court stated, Craycraft's criminal history "does not add much" to the affidavit. The affidavit informed the magistrate that Craycraft had admitted to using methamphetamine and purchasing ingredients for manufacturing methamphetamine and was in possession of equipment that could be used for manufacturing methamphetamine, but also informed the magistrate that investigators had corroborated parts of his story. Thus, the affidavit already provided sufficient information for the magistrate to weigh Craycraft's credibility". See *United States v. LaMorie*, 100 F.3d 547, 555 (8th Cir.1996) (affidavit stated that informant had

confessed to burglary and arson, so issuing judge "could hardly have been under the impression that [informant] was a model citizen" even though criminal history was not included). *U.S. v. Allen,* 297 F.3d 790, 795 (C.A.8 (Iowa),2002)

As in the Allen case the witness had confessed to stealing the disk from the defendant's home and it cannot be said that the criminal history of the witness would have added much to the ability of the issuing judge to weigh the credibility of Misner. The crucial factors were that Misner voluntarily came forward, there was the corroboration that Misner did work for the apartment owner, a work order to repair the air conditioning unit did exist and the completed work order reflected that Misner had been in the Defendant's apartment on February 27, 2008 and Detective Parks met personally with Misner to evaluate his credibility. It cannot be said that the affidavit, supplemented by Misner's "criminal history" would not support a finding of probable cause.

**Conclusion:**

I recommend that the Motion to Suppress be denied for the reasons stated above. **The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this June 17, 2008

/s/ J. Marschewski

HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES DISTRICT JUDGE