IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                      PLAINTIFF

        v.           Civil No. 08-50017

JORDAN E. MINETTE                                             DEFENDANT

O R D E R

Now on this 27th day of June, 2008, come on for consideration defendant's **Motion To Suppress** (document #16), the Magistrate Judge's **Report And Recommendation** (document #21) with regard thereto, and defendant's **Objections To Magistrate Report And Recommendation** (document #23), and from said documents, the Court finds and orders as follows:

1. Defendant is charged with one count of knowingly possessing computer disks that had moved in interstate commerce and that contain visual depictions of a minor engaging in sexually explicit conduct, and with one Count of transporting such materials in interstate commerce, all in violation of **18 U.S.C. §2252.** He now moves to suppress the evidence seized during a search of his apartment, contending that the search and seizure violated his Fourth Amendment rights. He also moves to suppress statements he gave as a direct result of the search.

2. The Motion To Suppress was referred to United States Magistrate Judge James R. Marschewski, who conducted an evidentiary hearing on June 16, 2008, and issued the Report And

Recommendation now under consideration.

Judge Marschewski reported that Detective Parks of the Fayetteville Police Department received a telephone call on February 28, 2008, from Kirby Dean Misner, an air conditioner repairman who had been sent to repair the air conditioner in defendant's apartment on February 27, 2008. Misner told Parks that he had observed a great deal of adult pornography in defendant's apartment, as well as sexual devices and a video camera, and that he had stolen an unlabeled computer disk. When he viewed the computer disk later, he found it contained images of adults engaged in sexual activity with children. Misner told Parks he panicked and broke the disk, because he was afraid to be caught with such material.

Judge Marschewski reported that Parks asked Misner to come to the police department to be interviewed. Misner came in, brought the broken disk, made a written statement, and told Parks that he had a criminal history. Parks did not figure out any way to view the broken disk, did not look for fingerprints on the disk, and did not determine the nature of Misner's criminal history, but he did obtain a copy of the maintenance order for the air conditioning repair, and a copy of the completed work order signed by Misner.

Judge Marschewski reported that Parks then prepared an Affidavit & Application For Search Warrant ("Affidavit"). Parks

did not mention in the Affidavit that Misner had a criminal history. The Affidavit was presented to Washington County Circuit Judge Stacy Zimmerman, who signed a search warrant for defendant's apartment. When the search warrant was served, a great deal of child pornography was seized, and defendant gave a statement admitting that he had obtained these materials in Florida and transported them to Arkansas.

    3. Judge Marschewski recommended that the Motion To Suppress be denied, because under the totality of the circumstances test approved in **Illinois v. Gates**, **462 U.S. 213 (1983)**, Parks -- and Judge Zimmerman -- had only to make a practical, common-sense decision whether, under all the circumstances set forth in the Affidavit, there was a fair probability that contraband or evidence of a crime would be found in defendant's apartment.

Judge Marschewski relied on the fact that Misner gave particularized detail about what he had seen in defendant's apartment and on the disk, and that he felt so compelled to notify authorities about it that he was willing to come forward even though it required him to admit he had stolen the disk. Judge Marschewski also relied on the fact that the Affidavit reflected independent corroboration of some of Misner's information, such as Misner's employment and his presence in defendant's apartment at the time and for the reason he said he had been there. Finally,

Judge Marschewski relied on the fact that Parks met with Misner personally, and had an opportunity to assess his credibility and reliability personally.

Judge Marschewski also reported that the omission of Misner's criminal history would only undermine a finding of probable cause if it had made the Affidavit misleading and if the Affidavit -- supplemented by the omitted criminal history -- would not have supported probable cause, citing **U.S. v. Allen**, **297 F.3d 790 (8th Cir. 2002)**. He found that, given Misner's confession that he stole the disk, his criminal history would not have added much to Judge Zimmerman's ability to weigh Misner's credibility.

4. Defendant objects to the Report And Recommendation, contending that the facts presented at the evidentiary hearing do not support probable cause to issue the search warrant. Specifically, he contends that Parks had insufficient evidence to assess Misner's reliability as an informant, that a report from the National Crime Information Center ("NCIC Report") could have been obtained in minutes, and that the Affidavit should have included information relating to Misner's criminal history so as to allow Judge Zimmerman to assess Misner's reliability for herself, rather than "filtering" the information presented in support of the warrant.

Defendant also objects that Parks did not try to verify the contents of the disk; that he did not check the disk for

fingerprints; that he did not conduct any other independent investigation; and that he had no corroboration of "any evidence of any crime being committed" by defendant.

Defendant also objects that Parks did not have any information suggesting that defendant had used the internet to commit a crime, and included information in the Affidavit about the use of the internet by child sexual predators for the purpose of influencing Judge Zimmerman's decision about the warrant.

5. The Court finds no merit to defendant's contention that Parks had insufficient evidence to assess Misner's reliability as an informant. Parks had the following information available to him:

\* Misner was not a paid informant, an anonymous informant, or a criminal defendant seeking to obtain preferential treatment on his own behalf by supplying information to the government. He simply happened on the evidence in the course of his employment, albeit by stealing it.

\* Misner gave Parks detailed information about the contents of defendant's apartment and the contents of the stolen disk.[1] There is "inherent indicia of reliability in the richness

---

[1] Parks describes Misner's information as follows in the Affidavit: "On 2-28-08 I received a telephone call from Kirby Misner, a maintenance man for Mansfield Properties located in Fayetteville, AR. Mr. Misner reported to me that he had received a work order for apartment 20 at 1764 North Leverett in Fayetteville, Arkansas, to repair an air conditioner. Mr. Misner stated that on 2-27-08, he went to apartment 20 to work on the air conditioner unit and that when he entered the apartment to make the repairs he noticed numerous pieces of electronic equipment, computers, and video recording equipment. Mr. Misner stated that he saw several adult pornography magazines laying around the apartment and he noticed approximately one hundred (100) recordable CD/DVD-R disc mixed with commercial adult pornography DVD disc on the computer desk and various

and detail of a first hand observation." **U.S. v. Robertson**, **39 F.3d 891, 893 (8th Cir. 1994)**(internal quotation marks and citation omitted).

    \*    Misner was "panicked" by what he saw on the stolen computer disk and broke it. These reactions are realistic and credible in light of what Misner said the disk contained, and tend to prove that he was reliably describing what he saw.

    \*    Rather than throw the broken disk away and forget about the matter, Misner was sufficiently troubled to go to the police and report it, even though that action was against his own best interest, in that it required him to admit stealing the disk, an act he knew could have resulted in his own criminal prosecution or in discharge from his employment. Providing information against one's penal interest is evidence of credibility. **Allen**, *supra*,

---

other areas of the apartment. Mr. Misner admitted to me that before leaving the apartment he stole one of the blank CD/DVD disc. Mr. Misner stated the disc he took had no user applied labels or markings and that he thought the disc might contain some homemade adult pornography. Mr. Mr. [sic] Misner stated that when he got to his home on 2-27-08, he inserted the disc into his DVD player and viewed the contents. Mr. Misner stated what he saw on the disc he had taken were numerous images of adult males engaged in sexual activity with children ranging from what he estimated to be approximately six (6) to twelve (12) years of age. Mr. Misner stated one image depicted a female child approximately eight (8) years old engaged in oral sex on an adult male with the male ejaculating in the female's mouth. Upon discovering the images on the disc Mr. Misner stated he panicked and broke it in half because he was afraid of being caught with the illegal material. Mr. Misner stated that he was very concerned about what he saw and decided he needed to confess to what he had done and report the images he saw. Mr. Misner reported that he noticed several employee ID badges with the name Jordan Minette on them but he did not know what company the badges were for. Mr. Misner later came to my office and provided me with a written statement about what he had done. Mr. Misner was genuinely upset and concerned that he would be arrested for the theft and was fearful of losing his job if his employer found out what had happened. Mr. Misner stated he was reporting the incident because his conscience got the best of him and he knew it was the right thing to do. Following my telephone conversation with Mr. Misner he came to my office and provided me with a written statement about what had occurred and he provided me with the disc he had taken. The disc is an "Imation" brand DVD-RW 4x disc which from previous investigations I have found are manufactured outside of the United States."

**297 F.3d at 794.**

* Misner did not know defendant or have much interest in who defendant was, judging from the fact that he saw work badges in defendant's residence but did not know what business they were for. This fact lends itself to the inference that Misner was not reporting defendant for some ulterior motive.

* Parks had the opportunity to personally interview Misner and assess his credibility. Reliability of information is increased when the investigating officer meets personally with an informant. **Robertson**, *supra*, **39 F.3d at 893.**

* Parks independently confirmed that the apartment was leased by defendant, that defendant had asked to have his air conditioner serviced, that Misner worked for the apartment owner, and that the air conditioner had been serviced by Misner on the date Misner said he had been in the apartment. Corroboration of these "innocent" details is sufficient. See **U.S. v. Murphy, 69 F.3d 237 (8th Cir. 1995),** where corroboration of nothing more than defendant's address and the date of his release from prison was deemed sufficient indicia of the reliability of an anonymous informant.

6. The Court finds no reason to believe that Judge Zimmerman would have refused to issue the warrant if she had known of Misner's criminal history, which included burglary, larceny, theft of property, drug offenses, and DWIs. While it would have

been preferable for that information to have been supplied, in the Court's view Misner's criminal history -- in the absence of any motive to lie about defendant -- actually increases rather than decreases the likelihood that he was telling the truth when he voluntarily came forward with information even though it required him to admit to theft of property.

7. The Court finds defendant's emphasis on what Parks did *not* know, and what he did *not* do, misplaced. An NCIC Report, fingerprints, or reconstruction of the disk (if such were possible) would certainly have added to the probable cause picture, but the picture was not obscure even without these pieces of information. The cases cited by defendant are not necessarily to the contrary. It is well recognized that "because of the myriad of unique factors that may go into a determination of probable cause, each case must be decided on its own facts; one decision seldom disposes of the next." **U.S. v. Reiner Ramos, 818 F.2d 1392, 1396 (8th Cir. 1987)**(quotation marks and citation omitted).

8. Finally, the Court rejects defendant's notion that Parks included information in the Affidavit about internet use by child sexual predators for the purpose of unduly influencing Judge Zimmerman to issue the Affidavit. There is nothing but speculation to support such a contention, and even if Parks had such in mind, it is clear from what has already been said about

the matter that the Affidavit would support the issuance of the warrant even without the information about internet use.

9. "Probable cause" is "a fair probability that contraband or evidence of a crime will be found in a particular place," and is assessed using a totality of the circumstances approach.

> When information supplied by an informant forms the basis for probable cause in a warrant, the core question in assessing probable cause . . . is whether the information is reliable. Informants without a track record of providing reliable information may be deemed reliable if their information is independently corroborated.

**U.S. v. Nieman, 520 F.3d 834, 839-40 (8th Cir. 2008)**(internal citations and quotation marks omitted).

In the case at bar, the Affidavit demonstrates that Parks, taking into consideration the totality of the circumstances, had probable cause to believe that child pornography would be found in defendant's apartment. His information from Misner was sufficiently corroborated to be deemed reliable. The Court therefore finds that the Report and Recommendation of the Magistrate Judge should be adopted, defendant's Objections thereto should be overruled, and the Motion To Suppress should be denied.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's **Report And Recommendation** (document #21) is **adopted *in toto*.**

**IT IS FURTHER ORDERED** that defendant's **Objections To Magistrate Report And Recommendation** (document #23) are **overruled**.

**IT IS FURTHER ORDERED** that, for the reasons set forth in the

Report And Recommendation, defendant's **Motion To Suppress** (document #16) is **denied.**

**IT IS SO ORDERED.**

                                                   /s/ Jimm Larry Hendren
                                           **JIMM LARRY HENDREN**
                                           **UNITED STATES DISTRICT JUDGE**